# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| SANDRA MIDDLEBROOKS,<br><br>Plaintiff,<br><br>v.<br><br>MACON OPERATING, LLC d/b/a<br>FOUNTAIN BLUE REHAB AND NURSING;<br>MACON HOLDINGS GROUP, LLC,<br>MENDEL BRECHER, PINNY ZWEIG,<br>SARA LICHTMAN, LIBBY BRECHER,<br>JACOB ZIMMERMAN, CHANA<br>LICHTMAN and ANSHEL NIEDERMAN,<br><br>Defendants. | CIVIL ACTION NO.<br><br>____<br><br>DEMAND FOR JURY<br>TRIAL |

## NOTICE OF REMOVAL

Because Defendant Macon Operating, LLC d/b/a Fountain Blue Rehab and Nursing ("Macon Operating") is a citizen of Delaware, Defendants Macon Holdings Group, LLC, Mendel Brecher, Sara Lichtman, Libby Brecher, Jacob Zimmerman, Chana Lichtman and Anshel Niederman are all citizens of New York. Defendant Pinny Zweig is a citizen of New Jersey and Plaintiff is a citizen of Georgia. Accordingly, the parties in this case are diverse. And because Plaintiff seeks to recover wrongful-death damages, pain-and-suffering damages and medical expenses, the amount in controversy exceeds $75,000 based on the allegations

contained in the complaint. This Court therefore has original jurisdiction under 28 U.S.C. § 1332(a), and this case is properly removable from the Superior Court of Bibb County, Georgia to this Court in accordance with 28 U.S.C. §§ 1441 and 1446.

## I. Background

1. Plaintiff filed this case on July 10, 2020, alleging claims of ordinary negligence, medical malpractice, violations of the Georgia Bill of Rights for Residents of Long-Term Care Facilities and Federal regulations, negligent hiring, supervision and training, joint enterprise and wrongful death. (See Exh. A, Compl.) In short, Plaintiffs contend that Arthur Lewis Smith was a resident of a long-term care community and that Defendants failed to properly care for him, which ultimately led to his death. (See Compl.) Plaintiffs seek wrongful-death damages, pain-and-suffering damages and medical expenses.

2. Plaintiff served the complaint and discovery requests on Defendants Macon Operating, LLC on July 17, 2020; Pinny Zweig on August 4, 2020, Sara Lichtman on August 12, 2020, Libby Brecher on July 31, 2020, Jacob Zimmerman on August 2, 2020, Chana Lichtman on August 4, 2020, Anshel Niederman on August 12, 2020 and Mendel Brecher on August 6, 2020. (See Affidavits of Service for named Defendants, Exhs. B, C, D, E, F, G, H and I.) It appears that Plaintiff has had a summons issued for Macon Holdings, LLC, but the time for those Defendants to

answer the Complaint has not elapsed. Plaintiff's Interrogatories and Requests for Production which were served with the Complaint are affixed hereto as Exhibits J and K.

3. Defendants are, contemporaneously with this notice of removal, filing and serving their answers to Plaintiff's Complaint.

4. Macon Operating is a limited liability company whose sole member, Macon Holdings Group, LLC is a Delaware limited liability company. Macon Holdings Group, LLC's members are all citizens of New York. Macon Holdings Group LLC's members are the individually named Defendants Mendel Brecher, Sara Lichtman, Libby Brecher, Jacob Zimmerman, Chana Lichtman and Anshel Niederman who all are citizens of the New York. Defendant Pinny Zweig is a citizen of New Jersey.

## II.  Removal Procedures

5. A defendant may remove from state court any case over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). As explained below, this Court has original jurisdiction over this case under 28 U.S.C. § 1332(a).

6. A notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C.

§ 1446(b). Defendants received a copy of the initial pleading when Plaintiff served on Defendants as set forth in paragraph 2 above. This removal is therefore within 30 days after receipt of the initial pleading by the Defendants.

7. In cases involving multiple defendants, all defendants that have been served must consent. 28 U.S.C. § 1446(b)(2)(A). Each of the Defendants in this matter consent to removal.

8. And in accordance with 28 U.S.C. § 1146(a), Defendants have attached to this filing copies of all "process, pleadings, and orders served upon" Defendants in this case. (See Exs. A–K.)

### III.  Subject-Matter Jurisdiction

9. This Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332(a) because Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000.

10. As noted, Macon Operating is an LLC. For diversity-jurisdiction purposes, an LLC is a "citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC, 374 F.3d 1020, 1022 (11th Cir. 2004). Macon Operating's sole member is Macon Holdings Group, LLC, a Delaware limited liability company. Thus, Macon Operating is a citizen of Delaware. Macon Holdings Group, LLC's members, individually named Defendants

Mendel Brecher, Sara Lichtman, Libby Brecher, Jacob Zimmerman, Chana Lichtman and Anshel Niederman, are all citizens of New York. (*See* Complaint at ¶¶ 3-10). Thus, Macon Holdings Group, LLC and the individually named Defendants are citizens of New York. Defendant Pinny Zweig is a citizen of New Jersey.

11. A plaintiff who brings a claim as a representative an estate is deemed a citizen of the same state as the decedent. 28 U.S.C. § 1332(c)(2). Because Arthur Lewis Smith was a citizen of Georgia, Plaintiff Sandra Middlebrooks as the representative of Smith's estate is a citizen of Georgia. Plaintiff Sandra Middlebrooks as an individual plaintiff is, based on information and belief, also a citizen of Georgia.

12. That the amount in controversy exceeds $75,000 is facially apparent based on the "reasonable deductions, reasonable inferences, [and] other reasonable extrapolations from the complaint." See Roe v. Michelin N. Am., 613 F.3d 1058, 1062 (11th Cir. 2010) (citation and internal quotation marks omitted) (concluding the jurisdictional amount was satisfied in a wrongful-death suit). Plaintiffs allege, for example, that "Mr. Smith sustained grievous injuries, suffered tremendously, and died as a direct result of the Defendants' acts and omissions in the provision of care, treatment, and services to him which constituted violations of federal and state law, professional negligence, and simple negligence." (Compl. ¶ 77.) And Plaintiffs seek

to recover wrongful-death damages and pain-and-suffering damages "in an amount equal to the full value of the life of the deceased." (See id. ¶ 78.) Based on the seriousness of Plaintiffs' allegations and the extent to which Plaintiffs seek to recover, it is facially apparent from the complaint that Plaintiffs seek more than $75,000 in damages. See Int'l Ins. Co. of Hannover, S.E. v. Morrowood Townhouses, LLC, 1:15-CV-02455-MHC, 2015 WL 11455589, at *3–4 (N.D. Ga. Nov. 4, 2015) (finding amount in controversy satisfied where the plaintiff sought to recover wrongful-death damages, pain-and-suffering damages, medical expenses, lost wages, and punitive damages).

## IV.  Conclusion

13. In sum, because Plaintiff and Defendants are diverse and the amount in controversy exceeds $75,000, this Court has jurisdiction under 28 U.S.C. § 1332(a). And because Defendants' notice of removal is timely and in accordance with 28 U.S.C. §§ 1441 and 1446, removal from state court to this Court is appropriate.

Respectfully submitted this 17th day of August, 2020.

|  |  |
|---|---|
|  | **HALL BOOTH SMITH, P.C.** |
| 191 Peachtree Street, N.E. | /*s/ H. Eric Hilton* |
| Suite 2900 | H. ERIC HILTON |
| Atlanta, GA  30303-1775 | Georgia Bar No. 355417 |
| Tel:  404-954-5000 | ASYA L. MORGAN |
| Fax:  404-954-5020 | Georgia Bar No. 476351 |
| ehilton@hallboothsmith.com | *Counsel for Defendants* |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel of record with a copy of the within and foregoing ***NOTICE OF REMOVAL*** via the Court's electronic filing system which will automatically send email notification of such filing to the following attorneys of record:

| | |
|---|---|
| Casey L. Gray | Katherine L. McArthur |
| J. Jeffrey Helms | McArthur Law Firm, P.C. |
| The Helms Law Firm, P.C. | 6055 Lakeside Commons Drive |
| 10 N. College Street | Suite 400 |
| P.O. Box 537 | Macon, GA  31210 |
| Homerville, GA  31634 | |

This 17th day of August, 2020.

**HALL BOOTH SMITH, P.C.**

/*s/ H. Eric Hilton*

191 Peachtree Street, N.E.  
Suite 2900  
Atlanta, GA  30303-1775  
Tel:  404-954-5000  
Fax:  404-954-5020  
ehilton@hallboothsmith.com

H. ERIC HILTON  
Georgia Bar No. 355417  
ASYA L. MORGAN  
Georgia Bar No. 476351

*Counsel for Defendants*